UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**REYBER BLANCO-RIVERO**               **CASE NO.  1:25-CV-1838 SEC P**

**VERSUS**                             **JUDGE EDWARDS**

**SHAD RICE, ET AL**                   **MAGISTRATE JUDGE PEREZ-MONTES**

**MEMORANDUM RULING AND ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Reyber Blanco-Rivero ("Blanco-Rivero" or "Petitioner"), an immigration detainee at the Central Louisiana ICE Processing Center, in Jena, Louisiana.  For reasons that follow, the Petition is DENIED and DISMISSED WITH PREJUDICE.

**BACKGROUND**

The material facts in this case are undisputed.  Blanco-Rivero is a native and citizen of Cuba who entered the United States at or near Eagle Pass, Texas on October 29, 2022. Doc. 13. He was encountered by Border Patrol and due to the lack of detention capacity, Blanco-Rivero was granted temporary parole into the United States under 8 U.S.C. §1182(d)(5). Doc. 13-1.  His temporary parole expired on December 28, 2022.  *Id.*  Blanco-Rivero filed an application for adjustment of status in 2024, which remains pending.  *Id.*

Blanco-Rivero was arrested by state authorities on February 8, 2025, for the crime of domestic violence. This charge is pending. Doc. 13-2. Federal authorities encountered Blanco-Rivero in the Birmingham City Jail in Alabama on March 3, 2025. *Id.* It was during this encounter that Blanco-Rivero was served with a warrant for his arrest, a notice to appear, and a custody determination. Doc. 13-2.  Blanco-Rivero was charged by the Department of Homeland Security ("DHS") as inadmissible as an immigrant not in possession of a valid entry document. 8 U.S.C

1

§1182(a)(7)(A)(i)(I). Doc. 13-3 at 4. He has since been additionally charged by DHS as inadmissible as an immigrant present without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. 8 U.S.C §1182(a)(6)(A)(i). Doc. 16-1 at 5. Blanco-Rivero is currently in removal proceedings and remains in DHS custody.

Blanco-Rivero asserts that his detention is governed by 8 U.S.C. § 1226(a), and that he is entitled to an individualized custody review. Doc. 14 at 3. Respondents maintain that Blanco-Rivero is detained under 8 U.S.C. § 1225(b); therefore, his detention is mandatory and he is not entitled to an individualized custody review. Blanco-Rivero also asserts that Respondents are preventing him from pursuing his pending application for lawful status by not transporting him to an in-person interview with the United States Citizenship and Immigration Services ("USCIS"). Doc. 1 at 6. Respondents contend that they are not blocking Petitioner's effort to pursue his application because they have offered to coordinate Petitioner's interview with USCIS virtually. Doc. 13 at 5.

## LAW AND ANALYSIS

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) ("A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law."); *see also Martinez v. Rice*, 25-cv-1780, 2025 WL 3554620 (W.D. La., Dec. 11, 2025). Neither 8 U.S.C. § 1252(b) nor § 1252(g) divest the Court of jurisdiction. *Id.*

**Individualized Custody Review.**

Petitioner was given temporary parole into the United States when he encountered Border Patrol under 8 U.S.C. §1182(d)(5). Doc. 13-1. This statute provides as follows:

> (5)(A) The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

Petitioner's parole was temporary and the statutory authority from which it is derived provides that when this type of parole has ended the noncitizen "shall forthwith return or be returned to the custody from which he was paroled …." The record indicates that the period of parole ended on December 28, 2022. The statute thus requires Petitioner's return to custody.

Section 1225(b) mandates that noncitizens who are applicants for admission be held throughout removal proceedings without the opportunity for bond. See *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). Specifically, Section 1225(b)(2) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings.  8 U.S.C. § 1225(b)(2)(A).

The record before the Court confirms that Petitioner is an applicant for admission and his detention is governed by Section 1225(b). First, the statute authorizing the parole given to Petitioner is for noncitizens who are applicants for admission. 8 U.S.C. §1182(d)(5)(A) ("[t]he Secretary of Homeland Security may, … in his discretion parole into the United States temporarily … any alien applying for admission to the United States."). Second, the parole statute provides that when parole has concluded, as it has here, the noncitizen's "case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*

3

Further, Petitioner's status as an applicant for admission under Section 1225(b) is consistent with this Court's reading of *Jennings*, 583 U.S. 281 (2018), in which the Supreme Court interpreted Sections 1225(b) and 1226(a) and understood Section 1225(b) to control the detention of aliens "at the Nation's borders and ports of entry," precisely where Petitioner was encountered and initially granted parole. See *Jennings*, 583 U.S. at 287. The *Jennings* Court also recognized that the type of parole given to Petitioner in this case is the avenue for release for those detained under § 1225(b). See *Id.*

Until he has a final order of removal, Blanco-Rivero is properly detained under Section 1225(b) and, as such, he is not entitled to an individualized custody review under Section 1226(a).

**Application for Adjustment of Status**.

Petitioner has put forward uncontroverted evidence that his counsel has been unable to pursue his adjustment of status application without Petitioner's in-person presence for an interview with USCIS. Respondents have also put forward uncontroverted evidence that they have offered to facilitate Petitioner's interview with USCIS virtually. The record indicates that the parties have attempted to resolve this situation, but those efforts have stalled. The Court declines to intervene in this dispute as the Petitioner provides no authority for the Court to order the transportation of Petitioner from detention for an in-person interview.

Accordingly, **IT IS ORDERED** that the Petition is **DENIED and DISMISSED WITH PREJUDICE.**

ALEXANDRIA, LOUISIANA, this 29th day of January, 2026.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE